**United States District Court**
For the Northern District of California

1

2

3

4

5

6          IN THE UNITED STATES DISTRICT COURT

7

8          FOR THE NORTHERN DISTRICT OF CALIFORNIA

9

10   UNITED STATES OF AMERICA,                    No. CR 08-0730 WHA

11                    Plaintiff,

                                                  **ORDER GRANTING IN PART**
12        v.                                      **REMAINDER OF DEFENDANT**
                                                  **LUIS HERRERA'S MOTION FOR**
13   LUIS HERRERA, *et al*.,                      **UNREDACTED DISCOVERY**

14                    Defendants.

15   _____/

16          An October 13 order found that a large portion of defendant Luis Herrera's motion to

17   compel production of unredacted versions of Daly City Police Department reports could not be

18   resolved until the government submitted further materials (Dkt. Nos. 2111, 2359).  Specifically,

19   the government was ordered to provide: (1) declarations sufficient to confirm whether or not the

20   interview notes at issue constitute Jencks Act witness statements; (2) updates to its *in camera* list

21   of civilian witnesses whose identities the government contends must be protected; (3) any further

22   points regarding safety of the co-defendant named on page S3000121; and (4) a declaration

23   verifying that the handwritten note on page S3000098 was not made by an employee of a local or

24   state agency.  These further submissions have been reviewed and the remainder of the motion is

25   ruled on as follows.

26          **1.      WITNESS INTERVIEW NOTES.**

27          The government has failed to establish that the redacted materials are Jencks Act witness

28   statements.  Although the declaration from SFPD Officer Francis Mangan generally avers that the

     redacted reports at issue *contain* substantially verbatim recitations of witness interview

**United States District Court**
For the Northern District of California

1   statements, it does not specify where these recitations are located (Dkt. No. 2433).  Moreover, the

2   declaration admits that portions of the interview notes were based merely on Officer Mangan's

3   *memory* of what was said.  From the limited information provided, it is impossible to parse the

4   purported Jencks Act witness statements from the remainder of Officer Mangan's notes.  As such,

5   it is still not shown that the redacted materials constitute Jencks Act witness statements.  The

6   portions of the reports previously withheld on this basis must be unredacted.

7       **2.**    **WITNESS AND VICTIM IDENTITIES.**

8       Subsequent developments have rendered moot the portion of the October 13 order

9   allowing for the continued redaction of witness and victim names in the Daly City police reports.

10   Since the issuance of the October 13 order, a stipulated protective order has been made (Dkt. Nos.

11   2372, 2374).[1]  The stipulated protective order allows defense counsel and other authorized

12   individuals — but not defendants — to view witness identifying information at this stage in the

13   litigation.  Accordingly, there is no longer any basis for the government to continue to withhold

14   the identifying information at issue here.  The witness and victim names in the reports must be

15   unredacted.

16       **3.**    **SUMMARY OF CO-DEFENDANT INTERVIEW.**

17       The summary of the co-defendant interview on page S3000121 must be unredacted.  As

18   the October 13 order specified, the government has not articulated a cognizable basis for

19   redaction of the summary nor has it submitted any further information warranting the summary's

20   continued redaction.

21       **4.**    **HAND-WRITTEN NOTE.**

22       The hand-written note on page S3000098 may remain redacted.  The declaration of DOJ

23   Attorney Theryn Gibbons adequately demonstrates that the note constitutes "attorney work-

24   product" protected from disclosure (Dkt. No. 2434).

---

27     [1] All defendants and almost all defense counsel of record have joined in the stipulated protective order
28 (Dkt. Nos. 2372, 2374, 2380, 2381, 2388, 2391, 2392, 2393, 2394, 2395, 2396, 2397, 2400, 2403, 2407, 2424, 2428, 2429, 2430, 2439, 2440, 2442, 2443).  Attorney Jason Nelson, co-counsel for defendant Danilo Velasquez, is the only counsel of record who has not joined the protective order.

2

1     In sum, with the exception of the hand-written note by Attorney Gibbons on page

2  S3000098, the redactions to pages S3000097 to S3000131 must be removed.  The government is

3  to provide defendant Herrera with copies of these unredacted records by **FRIDAY, NOVEMBER 5**

4  at **NOON**.

6     **IT IS SO ORDERED.**

8  Dated:  October 29, 2010.

_____
WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

**United States District Court**
For the Northern District of California

3