IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>LUIS HERRERA, *et al*.<br><br>Defendants.<br>_____ / | No. CR 08-0730 WHA<br><br>**ORDER DENYING DEFENDANT LUIS HERRERA'S AS-APPLIED MOTION CHALLENGING LATENT FINGERPRINT IDENTIFICATION** |

## INTRODUCTION

Defendant Luis Herrera moves to for a pretrial *Daubert* evidentiary hearing to exclude the testimony of government latent fingerprint identification expert Joanne Del Bene, arguing that her particular application of the ACE-V method was unreliable (Dkt. No. 2711). For the reasons stated herein, the motion is **DENIED**. The government will be given the opportunity to demonstrate during *voir dire* at trial (in the presence of the jury) that the ACE-V method is reliable and Expert Del Bene reliably applied the ACE-V method to sufficient facts/data. As an added caution, however, Expert Del Bene will not be permitted to state her opinion that the fingerprints at issue "matched" defendant Luis Herrera's fingerprints until defense counsel has an opportunity to cross-examine Expert Del Bene on *voir dire* and the undersigned determines her expert testimony is sufficiently reliable.

## STATEMENT

Joanne Del Bene, the government's proposed latent fingerprint identification expert, was a forensic specialist employed by the San Mateo Sheriff's Office prior to her retirement (Dkt. No.

2094).  Expert Del Bene swabbed a .22-caliber firearm found in a stolen Honda recovered on February 20, 2009, which has been linked to the Daly City homicides charged in this case.  Expert Del Bene has concluded that latent fingerprints left on two items in the stolen Honda were left by defendant Luis Herrera (EXPERT000053).  To come to this conclusion, Expert Del Bene utilized the ACE-V method (Dkt. No. 2094).

Defendant Luis Herrera previously presented a challenge to the reliability of the ACE-V method in general (Dkt. No. 1851).  After a hearing on that motion and supplemental briefing, a September 1 order declined to exclude Expert Del Bene's testimony prior to trial.  Instead, that order specified that the reliability of the ACE-V method and Expert Del Bene's application of the method was to be demonstrated by the government during *voir dire* during trial.  Nonetheless, because the government had produced supplemental expert disclosures *after* the generalized challenge was filed, the September 1 order provided all defendants with additional time to submit motions challenging Expert Del Bene's specific application of the ACE-V method to the evidence at issue.  The order provided, however, that "barring a serious pretrial challenge," the ACE-V method as applied will be addressed during *voir dire* at trial."

## ANALYSIS

Although the government has the burden to demonstrate that the ACE-V method was reliably applied by Expert Del Bene, the instant motion does not raise any issues warranting a pretrial *Daubert* hearing.  Expert Del Bene's sworn declaration regarding her application of the ACE-V method has not been adequately challenged.  Although counsel for defendant Luis Herrera submitted his own declaration in support of the instant motion which relays counsel's "understandings" derived from conversations with Mark Acree of Acree Forensic Investigations, LLC, the attorney declaration is at best hearsay and inadequate to challenge Expert Del Bene's sworn declaration (Dkt. No. 2712).  Further, as discussed herein, even these hearsay "understandings" do not contradict Expert Del Bene's sworn declaration nor explicitly allege that her application of the ACE-V method was unreliable.  Moreover, most of the challenges to Expert Del Bene's application of the ACE-V method go to the weight of her testimony rather than to the fundamental question of whether she applied the ACE-V method properly.  Accordingly,

1  reliability may be adequately addressed during *voir dire* at trial (in the presence of the jury).
2  *United States v. Alatorre*, 222 F.3d 1098, 1102–03 (9th Cir. 2000). Each of defendant Luis
3  Herrera's arguments for pretrial exclusion of Expert Del Bene's testimony is addressed below.

4      *First*, the motion's assertion that the 1:1 enlargement procedure utilized by Expert Del
5  Bene is unreliable is unsupported. The Del Bene declaration explained the San Mateo County
6  Sheriff lab protocols permit the use of *either* the 1:1 enlargement procedure or the direct entry
7  procedure and that the use of the 1:1 enlargement procedure is consistent with the ACE-V method
8  (Del Bene Decl. ¶¶ 5–7). Moreover, the Cohen Declaration — which, as discussed above, only
9  contains inadmissible hearsay — does not assert that the 1:1 enlargement procedure is unreliable.
10 Instead, it simply notes that the procedure predates the direct entry procedure (Cohen Decl. ¶ 8).

11     *Second*, although the motion asserts that a fingerprint examiner must identify the number
12 of points of correspondence and non-correspondence between fingerprints before declaring a
13 "match," Expert Del Bene's declaration explained that ACE-V does not require a minimum
14 number of match points to make an identification (Del Bene Decl. ¶ 9). This is consistent with
15 the Cohen declaration's specification that although there must be multiple points of
16 correspondence, the number of corresponding points required to declare a match varies among
17 law enforcement agencies (Cohen Decl. ¶ 6). Accordingly, if Expert Del Bene's match
18 determination was based on a small number of corresponding points, this shortcoming would go
19 to the weight of her testimony, rather than its admissibility. Moreover, the Cohen and Del Bene
20 declarations both agree that where even one point does not correspond, a match may be excluded
21 (Cohen Decl. ¶ 6; Del Bene Decl. ¶ 8). The Del Bene declaration further asserted that latent
22 fingerprint examiners do not describe non-corresponding points in their reports for this very
23 reason — because the presence of non-corresponding points will result in "no identification" (Del
24 Bene Decl. ¶ 8).

25     *Third*, although the instant motion alleges that the government did not provide enough
26 information regarding: (1) Expert Del Bene's determination that the latent fingerprints were
27 suitable for analysis; and (2) the contours of the verification step employed by Expert Del Bene,
28 the motion does not allege that Expert Del Bene actually applied the ACE-V method improperly

during these steps. If counsel seeks further detail regarding Expert Del Bene's application of the ACE-V method, it should be sought via a motion to compel that specifies why such material must be produced. Or, if no further material exists, Expert Del Bene may be cross examined as to why she did not keep further documentation of these steps. The motion's vague challenges do not warrant a pretrial *Daubert* hearing.

*Finally*, the concern about prejudice resulting from a *voir dire* of Expert Del Bene in the presence of the jury has been obviated by this order's ruling that she will not be permitted to testify as to whom the fingerprints from the stolen vehicle matched unless and/or until the government satisfactorily demonstrates reliability on *voir dire*. As such, no prejudice or irreparable damage will inure by allowing reliability to be established in the presence of the jury.

## CONCLUSION

For the reasons stated herein, the motion is **DENIED**.

**IT IS SO ORDERED.**

Dated: January 18, 2011.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE