UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA,

    Plaintiff,

    v.

LUIS HERRERA,

    Defendant.

No. CR 08-0730 WHA

**ORDER RE LUIS HERRERA'S MOTION TO VACATE**

Defendant Luis Herrera moves to vacate and correct his sentence pursuant to Section 2255 of Title 28 of the United States Code. For the foregoing reasons, his motion is **DENIED**.

A prior order detailed the facts and procedural history of this case (Dkt. No. 6469). In short, defendant pleaded guilty to seven counts of numerous racketeering, conspiracy, and gun offenses and is currently serving a total custody term of 420 months. Relevant here is count 19, possession of a firearm in furtherance of a crime of violence resulting in murder in violation of 18 USC §§ 924(j)(1) and (2). For this count, defendant was sentenced to 360 months in custody to be served concurrently with a RICO conspiracy conviction. Defendant now argues that his sentence on this count should be vacated because, given recent Supreme Court caselaw, it is doubtful that California Penal Code §187 can serve as a predicate "crime of violence" under Section 924(j). Defendant does not seek a reduction of his sentence. Rather, he requests a removal of the Section 924(j) conviction and reimposition of the same total sentence previously imposed on the basis of the RICO conspiracy count alone. However,

1    because defendant waived his right to collaterally attack his conviction, this order denies any
2    request to alter the sentence.
3         Defendant entered into his plea agreement during trial (Dkt. No. 5333). His plea
4    agreement stated in relevant part:

> I agree to give up my right to appeal my convictions, the judgment, and orders of the Court. I also agree to waive any right I may have to appeal any aspect of my sentence, including any orders relating to forfeiture and/or restitution. *I knowingly and voluntarily agree to waive any right I may have to file any collateral attack on my convictions or sentence*, including a petition under 28 U.S.C. §2255. . . at any time in the future after I am sentenced, except for a claim that my constitutional right to the effective assistance of counsel was violated.

(*id.* at 6) (emphasis added). During the guilty plea colloquy, when asked if defendant and his counsel had an adequate time to go over the plea agreement, defense counsel responded "[w]e've had quite a bit of time to go over it, your Honor," and "it has been adequate" (Tr. 5). After being offered additional time and the option to reconvene the next day, both counsel and defendant affirmed they wanted to proceed, with counsel stating "We're prepared to go forward as well, your Honor. If the Court is prepared to stay late, we appreciate it." The agreement had been read to defendant in Spanish and he confirmed he understood it. When asked if he was fully satisfied with his attorney's advice and counsel, he responded "Yes, I am" and "I have no complaints" (*id.* at 5, 8-9). The Court reviewed the counts and possible sentence under the plea agreement and addressed defendant directly, advising him that "I would have to decide whether or not to accept your proposed 35-year sentence. If I did accept it, you would then be stuck with it. You would be giving up all your rights; there would be no appeal rights. You'd just be stuck with it." Defendant affirmed that he understood (*id.* at 17-18). Before officially entering in the plea, defendant was asked directly if he had any final questions and whether he wanted more time to think about it. Defendant stated "[t]o date, everything is very clear to me" and "I'd like to do it now." Thus, the Court found that he was fully competent and capable of entering an informed plea and accepted his plea of guilty (*id.* at 29).

An appellate waiver is enforceable if "(1) the language of the waiver encompasses [the defendant's] right to appeal of the grounds raised and (2) the waiver is knowingly and voluntarily made." *United States v. Goodall,* 21 F.4th 555, 561 (9th Cir. 2021) (cleaned up). The same is true for a waiver of collateral attack. *See Davies v. Benov*, 856 F.3d 1243, 1246 (9th Cir. 2017)*; See also United States v. Mejia-Quintanilla*, 2022 WL 3278992, at *1 (9th Cir. Aug. 11, 2022) (denying appeal of defendant's motion to vacate a 924(j) conviction on the same basis due to a written plea agreement expressly waiving the right to collaterally challenge sentence).

Defendant acknowledges that his plea agreement contained a waiver of his right to collaterally attack his convictions and that under *Goodall*, such waivers are valid despite later changes in law. He argues, however, that because he was not advised of the collateral attack waiver in the plea colloquy, the waiver is unenforceable (Br. 7). Rule 11(b)(1)(N) reads:

> Before the court accepts a plea of guilty or nolo contendere, the defendant may be placed under oath and the court must address the defendant personally in open court. During this address, the court must inform the defendant of, and determine that the defendant understands. . . the terms of any plea-agreement provision waiving the right to appeal or to collaterally attack the sentence.

Fed. R. Crim. P. 11(b)(1)(N). Defendant cites no authority that the explicit words "collateral attack" or "habeas corpus" must be used under Rule 11 during the colloquy rather than a reference to all "appeal rights," or "being stuck" with the agreed-on sentence. Here, the judge advised that if his plea agreement was accepted defendant would be giving up all his rights, there would be no appeal rights, and he'd just be "stuck with it" (Tr. 17-18). This was clear cut in advising that he would have no avenue left to challenge his conviction.

Our court of appeals has reasoned where, as here, there was no objection during the plea colloquy, an appellate waiver will generally be enforced "unless the defendant's substantial rights were effected by any Rule 11(b)(1)(N) error." To satisfy this standard, defendant must show "a reasonable probability that, but for the error, he would not have entered the [guilty] plea." *United States v. David*, 36 F.4th 1214, 1215–18 (9th Cir. 2022). The record shows that the plea agreement, which defendant signed, unambiguously calls out the collateral-attack waiver. Defendant orally affirmed that the full agreement had been read to him in Spanish and he

3

understood it, stating "everything is very clear to me" (Tr. 8-9, 25). His attorney said he spent "quite a bit of time" reviewing the terms with defendant, and they both affirmed they'd like to move forward with the plea despite being offered additional time for review (*id*. at 5). These circumstances are similar to the thorough colloquy and remarks analyzed in *David*. Nothing in the transcript or record supports a reasonable probability that defendant would have not pleaded guilty had the Court used the words "collateral attack." Defendant's attempt to distinguish *David* is unpersuasive. By focusing only on one factor, *i.e*., the explicit mention of the "pertinent waiver" during the colloquy, defendant fails to account for the record as a whole (Reply Br. 3).

Defendant's attempt to analogize these circumstances to the wholesale omission at issue in *United States v. Arellano-Gallegos* is similarly weak. There, "[n]o mention of waiver of appeal was ever made in open court until the time of sentencing" six months after the plea had already been accepted. *Arellano* reasoned "[b]ecause this was not a technical violation of Rule 11, but rather a wholesale omission," substantive rights were affected. 387 F.3d 794, 796–97 (9th Cir. 2004).

By contrast, here, the judge repeatedly advised defendant *before* accepting his plea that he'd be giving up his right to "appeal to the Court of Appeals both as to the sentence and the finding of guilt" and "You would be giving up all of your rights; there would be no appeal rights. You'd just be stuck with it" (Tr. 17–18, 22–23). The talismanic phrase "collateral attack" was not used, but the language actually used was at least as informative as that phrase would have been. This order finds that defendant would have pled guilty under the same agreement regardless of whether or not the waiver of collateral attack had been mentioned in the plea colloquy.

Defendant's motion to vacate his sentence is therefore **DENIED**.

**IT IS SO ORDERED.**

Dated: October 18, 2022.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

4